UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ERNESTO AGUINALDO,

                Plaintiff,

        - against -

65 MODERN FRENCH CLEANERS INC, SHIH L. LIAO and CHING LI CHANG,

                Defendants.

Case No. : 1:15-cv-7617 (AKH)

---

## NEGOTIATED SETTLEMENT AGREEMENT AND MUTUAL RELEASE

      Plaintiff Ernesto Aguinaldo and Defendants 65 Modern Cleaners Inc., Shih L. Liao and Ching Li Chang ("Defendants" and together with Plaintiff referred to herein as "the Parties") desire to settle and resolve all claims that have been or could have been brought and have reached a compromise settlement agreement to dispose of all such claims, including but not limited to, all claims against Defendants in the lawsuit captioned Ernesto Aguinaldo v. 65 Modern Cleaners Inc., Shih L. Liao and Ching Li Chang, Case No.: 15-CV-0767 (AKH), pending in the United States District Court for the Southern District of New York. Therefore, in consideration of the foregoing, Plaintiff and Defendant agree as follows:

    1.    **Payment**

      In full and final satisfaction of all issues between the Parties, Defendants shall pay to the Plaintiff the sum of THIRTY THOUSAND DOLLARS AND ZERO CENTS ($30,000.00) (the "Settlement Sum"). The Settlement Sum shall be in a lump sum and made payable to "The Law Offices of Daniel Felber, as attorneys".

      The Settlement Sum shall be delivered to The Law Offices of Daniel Felber located at 100 Park Avenue, Suite 1600, New York, NY 10017 on or before October 15, 2016 or within five days after Defendants' counsel is in receipt of notice of the Court's approval of all terms of the Settlement Agreement ("the Agreement") and also in receipt of the Stipulation and Order of Dismissal of Plaintiff's Claims ("Stipulation") in the form annexed hereto as Exhibit 1, whichever is later. The Law Offices of Daniel Felber shall be responsible for distributing the Settlement Sum to Plaintiff.

      The Settlement Sum shall be paid to Plaintiff in exchange for full and complete settlement of any and all wage and hour claims or potential wage and hour claims between the Parties, including but not limited to those arising from, involving, or relating to Plaintiff's claims in the Action, including any and all claims for damages, liquidated damages, compensatory or punitive damages, injunctive relief, attorneys' fees, expenses and costs.

2. **Wage & Hour Release by Plaintiff**

In consideration of the promises, payments and actions of Defendants set out in the Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff, with respect solely and only to conduct that has arisen on, or prior to, the date this Agreement is executed, fully and forever releases, relieves, waives, relinquishes, and discharges Defendants from all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims and demands concerning wage and hour matters including any and all claims arising under the Fair Labor Standards Act, the New York Labor Law, and the Wage Theft Prevention Act, as well as claims for overtime, commissions, unpaid wages, whether based on common law or otherwise, and all claims for improper deductions, travel time, spread of hours pay, bonuses, expense reimbursements, gratuities, tip credits, tip allowances, service charges and retained gratuities during Plaintiff's employment with Defendants and any other compensation or wages. This release is limited solely and only to wage and hour claims that have arisen on, or prior to, the date this Agreement is executed and transmitted to counsel for Defendants and it does not release or discharge any wage or hour claims that may occur after that date, or any non-wage and hour claims.

3. **General Release by Defendants of Plaintiff's Releasees**

The defendants release and forever discharge Plaintiff, his heirs, executors, administrators and assigns (collectively "Plaintiff Releasees"), of and from any actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, bonuses, controversies, agreements, promises, judgments, obligations, grievances, claims, charges, complaints, appeals and demands whatsoever, in law or equity, which each has or may have against Plaintiff Releasees as of the date of execution of this Agreement, whether known or unknown, asserted or unasserted, including any federal, state, city or local human rights, civil rights, wage-hour, wage-payment (and all wage orders and interpretations), pension, employee benefits, labor or other laws, rules, regulations, constitutions, or ordinances; any public policy, contract (whether oral or written, express or implied) or tort law, or any claim arising under the common law; any claim for costs, fees, or other expenses, including attorneys' fees incurred in these matters; or any other claim against Plaintiff Releasees, based upon any conduct occurring up to and including the date of the complete execution of this Agreement.

4. **Judicial Review/Dismissal of the Complaint**

After this Agreement is fully-executed by the Parties, the Parties will jointly submit the Agreement and the Stipulation to the Court for the Court's consideration and approval. The Court's approval of all provisions of this Agreement is a material term of this Agreement.

5. **Non-Admission**

(a) This Agreement does not constitute an admission that Defendants have violated any law, committed any tort, breached or committed any wrongdoing whatsoever,

and Plaintiff expressly acknowledges that Defendants continue to deny any wrongdoing arising out of Plaintiff's employment and separation thereof.

(b) Whether or not this Agreement becomes effective, neither this Agreement, nor any exhibit, documents, or instrument delivered hereunder, nor any statement, negotiations, transactions, or proceedings in connection therewith, shall in any event be construed as, or be deemed to be, or be offered by Plaintiff in any action or proceeding of any kind as evidence of: (a) an admission or concession on the part of Defendants of any liability or wrongdoing or of any violation of any federal, state, or local statute, rule, regulation or principle of common law or equity; or (b) an admission or concession on the part of Defendants that Plaintiff has suffered any damage. Additionally, the Parties agree that nothing in this Agreement may be used by either party in any proceeding of any kind for any purpose of any kind, except to enforce its terms.

6. **Future Application/Employment**

Plaintiff agrees and recognizes that his employment relationship with Defendants (and any affiliated or related companies) has been permanently and irrevocably severed, and Plaintiff forever waives any and all claims or right to reinstatement or future employment. Plaintiff agrees that he shall not at any time seek future employment with the Company (or any affiliated or related company). A breach of this paragraph by Plaintiff shall constitute lawful and just cause for a refusal to employ Plaintiff.

7. **Covenant Not to Sue.**

The Parties acknowledges that each has not instituted, and agrees that each will not institute nor be represented as a party in, any lawsuit, claim, complaint, action, or other proceeding against or involving any Releasee, whether as an individual or class action, with any administrative agency, regulatory, judicial, or other forum, under any federal, state or local laws, rules, regulations, or any other basis based upon any act or omission occurring up to and including the date upon which this Agreement is fully executed, and he will not seek to accept any award or settlement from any such source or proceeding. In the event that Plaintiff institutes, is party to, or is a member of a class that institutes any such action, his claims shall be dismissed or class membership terminated with prejudice immediately upon presentation of this Agreement. This Agreement does not affect Plaintiff's rights to file a charge with the Equal Employment Opportunity Commission ("EEOC") or any similar state or local agency, or to participate or cooperate in any investigation conducted by the EEOC or any similar state or local agency, but Plaintiff acknowledges that he is not entitled to any other monies other than those payments described in this Agreement.

8. **Mutual Non-Disparagement**

Plaintiff agrees that he will not, except pursuant to compulsory legal process, make any statement or communicate to any third party any information which has the purpose or effect of maligning, impugning or causing harm to Defendant Releasees.

Defendants agree that they will not, except pursuant to compulsory legal process, make any statement or communicate to any third party any information which has the purpose or effect of maligning, impugning or causing harm to Plaintiff Releasees.

9. **Attorneys' Fees**

Except as set forth herein, Plaintiff and Defendants expressly agrees to bear their own attorneys' fees, costs and disbursements incurred in this litigation. No party shall be responsible or liable for the payment of any attorneys' fees for the other party except as set forth herein.

10. **Acknowledgment**

Plaintiff acknowledges that he was represented by counsel of his choosing throughout the negotiation and the execution of the Agreement. Plaintiff further represents that he had sufficient opportunity to consider this Agreement; that he read this Agreement and/or had this Agreement explained to them fully and carefully and understand its terms; and that he is signing it knowingly and voluntarily.

11. **Oral Modifications Prohibited**

This Agreement represents the entire agreement between Plaintiff and Defendants with respect to the Action. This Agreement cannot be amended, supplemented, or modified nor may any provision be waived, except by a written instrument executed by or on behalf of the party against whom enforcement of any such amendment, supplement, modification or waiver is sought.

12. **Choice of Law**

This Agreement shall be governed by the law of the State of New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction.

13. **Effective Date**

This Agreement shall become effective immediately upon the Parties' execution.

14. **Counterparts**

This Agreement may be executed in multiple counterparts, each of which shall be considered an original but all of which will constitute one (1) Agreement.

15. **Facsimile and Email Signatures.**

Any party may execute this Agreement by signing on the designated signature block below and transmitting or causing to be transmitted that signature page via facsimile or email to counsel for the other party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this

Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

16. **Severability.**

The invalidity or unenforceability of any provisions of this Agreement shall not affect the validity or enforceability of any other provision of this Agreement, which shall remain in full force and effect.

DATED: __10/3__, 2016        Ernesto Aguinaldo

DATED: _____, 2016        65 Modern French Cleaners Inc.

By: _____

Its: _____

DATED: _____, 2016        Shih L. Liao

_____

DATED: _____, 2016        Ching Li Chang

_____

Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

16. **Severability.**

The invalidity or unenforceability of any provisions of this Agreement shall not affect the validity or enforceability of any other provision of this Agreement, which shall remain in full force and effect.

DATED: _____, 2016      Ernesto Aguinaldo

_____

DATED: __9/28__, 2016      65 Modern French Cleaners Inc.

By: _____

Its: __President__

DATED: __9/28__, 2016      Shih L. Liao

_____

DATED: __9/28__, 2016      Ching Li Chang

_____

# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERNESTO AGUINALDO,

Case No. : 1:15-cv-7617

- against -

65 MODERN FRENCH CLEANERS INC, SHIH L. LIAO and CHING LI CHANG,

## STIPULATION AND ORDER OF DISMISSAL

WHEREAS, on September 28, 2015, Plaintiff Ernesto Aguinaldo ("Plaintiff") filed a complaint, which asserted claims for, *inter alia*, unpaid minimum wages and overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and the New York Labor Law;

WHEREAS, although commenced as a putative collective action under the FLSA, Plaintiff did not seek any certification and no individuals received notice of this action;

WHEREAS, the parties settled this action based upon arms-length negotiations, the terms of which have been judicially reviewed and are deemed fair and reasonable, and are incorporated herein by reference; and

WHEREAS, the United States District Court for the Southern District of New York shall retain jurisdiction over all proceedings solely to enforce the terms of the settlement between the parties in this action;

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned counsel for the Plaintiff and Defendants that this action is hereby dismissed and discontinued in its entirety with prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, with no award of counsel fees or costs by the Court to either side.

Dated: New York, New York
September ___, 2016

For the Plaintiff:
THE LAW OFFICES OF DANIEL FERBER

By:_____
Daniel M. Ferber
Attorneys for Plaintiff
100 Park Avenue – Suite 1600
New York, New York 10017

For the Defendants:
HANG & ASSOCIATES, PLLC

By:_____
Jian Hang, Esq.
Attorneys for Defendants
136-18 39th Avenue, Suite 1003
Flushing, NY 11354

So Ordered

_____
(U.S.M.J.)

8